IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JAMES CARVAIL ACKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | Criminal Case No. 1:12-CR-00291 |
| | ) | |
| v. | ) | Civil Case No. 1:16-CV-00521 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter comes before the Court on Petitioner James Carvail Acker's ("Petitioner") Motion to Vacate Conviction under 28 U.S.C. § 2255(a) ("§ 2255 Motion") (Dkt. 50) and Petitioner's Motion to Vacate 924(f) Conviction ("Supplemental Motion") (Dkt. 71). Considering the § 2255 Motion, the Supplemental Motion, the Government's ("Respondent") Motion to Dismiss Petitioner's § 2255 Motion ("Motion to Dismiss") (Dkt. 53), Respondent's Response to the Court's Order and Second Motion to Dismiss Petitioner's § 2255 Motion ("Second Motion to Dismiss") (Dkt. 65), Respondent's Supplemental Memorandum (Dkt. 73), and Petitioner's Motion of Mandamus to Compel Immediate Release ("Second Supplemental Motion") (Dkt. 78), it is hereby ORDERED that Respondent's Motion to Dismiss (Dkt. 53) and Second Motion to Dismiss (Dkt. 65) are DENIED;

IT IS FURTHER ORDERED that Petitioner's § 2255 Motion (Dkt. 50), Supplemental Motion (Dkt. 71), and Petitioner's Second Supplemental Motion (Dkt. 78) are GRANTED.

I. BACKGROUND

On July 9, 2012, Petitioner was charged with a violation of 18 U.S.C. §§ 2 and 924(c) for "unlawfully and knowingly, us[ing] and carry[ing] a firearm during and in relation to a crime of

violence . . . , namely a conspiracy to interfere with commerce by robbery in violation of Title 18, United States Code, Section 1951(a)." Dkt. 27. That same day, Petitioner pleaded guilty to this very serious charge, admitting that he, along with two co-conspirators, stole by way of armed robbery at least $121,000 of Apple products from two Mark IV delivery trucks. Dkt. Nos. 29; 30, ¶¶ 5, 6. On October 12, 2012, the Court sentenced Petitioner to 120 months of incarceration with a subsequent 5 years of supervised release. Dkt. 38.

On May 9, 2016, Petitioner filed the instant § 2255 Motion contending that the statute under which he was convicted is unconstitutional. Dkt. 50. On May 19, 2016, the Court ordered Respondent to provide its position on Petitioner's § 2255 Motion. Dkt. 52. Accordingly, on July 18, 2016, Respondent filed its Motion to Dismiss. Dkt. 53.

On September 23, 2016, "[i]n light of the pendency of several cases in the United States Supreme Court and Fourth Circuit Court of Appeals involving issues related to *Johnson v. United States*, 135 S. Ct. 2551 (2015)," this Court ordered that Petitioner's § 2255 Motion be held in abeyance. Dkt. 56.

On October 2, 2017, after having considered Petitioner's previously appointed counsel's Motion to Withdraw (Dkt. Nos. 59, 60), the Court ordered that Petitioner's § 2255 Motion and Respondent's Motion to Dismiss be again held in abeyance, this time pending the Supreme Court's decision in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). Dkt. 61.

On July 6, 2018, the Court vacated its October 2, 2017 Order holding the matter in abeyance. Dkt. 64. The Court further ordered that, within 14 days of the Court's July 6, 2018 Order, Respondent file its position concerning the effect of *Dimaya* on Petitioner's § 2255 Motion. *Id.* On July 19, 2018, Respondent filed its Second Motion to Dismiss in further support of its original Motion to Dismiss, and also filed a Motion to Stay Proceedings, pending the Fourth

Circuit's decision in *United States v. Simms*. Dkt. Nos. 65, 66. Accordingly, on September 25, 2018, the Court granted Respondent's Motion to Stay Proceedings and this matter was stayed pending the resolution of *Simms*. Dkt. 67.

During the stay, Petitioner filed his *pro se* Supplemental Motion. Dkt. 71.

On August 27, 2019, the Court vacated its September 25, 2018 Order holding this case in abeyance. Dkt. 70. The Court further ordered that, within 14 days, Respondent file its position concerning the effect of *Simms* on Petitioner's § 2255 Motion. *Id*. On September 10, 2019, Respondent filed its Supplemental Memorandum. Dkt. 73.

Then, on November 22, 2019, the Court appointed the Federal Public Defender to represent Petitioner in this matter, and ordered that within 30 days of November 22, 2019, Petitioner, through counsel, provide any supplemental briefing or evidence needed to support Petitioner's § 2255 Motion. *Id*. Respondent was also permitted to reply within 14 days of the filing of Petitioner's supplemental brief. *Id*. No supplemental briefing was filed on behalf of Petitioner, and accordingly, Respondent did not reply.

On March 2, 2020, Petitioner, filed a *pro se* "Motion of Mandanmus (sic) to Compel Immediate Release." Dkt. 78.

This matter is now ripe for disposition.

## II. DISCUSSION

### A. Standard of Review

To state a claim for relief under 28 U.S.C. § 2255, a petitioner must show that one of the following occurred: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such a sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "that the sentence is

otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). When filing a § 2255 petition to vacate, set aside, or correct a sentence, a petitioner bears the burden of proving his grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may deny the motion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Analysis

Petitioner argues that his conviction cannot be sustained because he pleaded guilty to and was convicted of conspiracy to commit a Hobbs Act robbery and "conspiracy offenses categorically fail to qualify as 'crimes of violence' under the force clause." Dkt. 53, 10.

In the instant matter, Petitioner "agree[d] to waive indictment and plead[ed] guilty to a single-count Criminal Information, charging [Petitioner] with Using or Carrying a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 2 and 924(c)." Dkt. 28. The Criminal Information to which Petitioner pleaded guilty specified that Petitioner

> did unlawfully and knowingly use and carry a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely a *conspiracy* to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

Dkt. 27, 1 (emphasis added). Thus, in sum, Petitioner pleaded guilty to Using or Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 2 and 924(c), and the predicate crime of violence was conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Dkt. Nos. 27, 30.

18 U.S.C. § 924(c) provides two separate and distinct definitions for a "crime of violence." *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). "Crime of violence" is initially defined

4

by Section 924(c)(3)(A), which has been coined as the "force clause." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). The force clause defines a crime of violence as a felony "that has as an element the use, attempted use, or threatened use of a physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). Section 924(c)(3)(B) which is known as the "residual clause," provides a second definition for a "crime of violence." *Davis*, 139 S. Ct. at 2321. The residual clause defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In *United States v. Simms*, the United States Court of Appeals for the Fourth Circuit determined that a "conspiracy to commit Hobbs Act robbery [ ] does not categorically qualify as a crime of violence" under the force clause. 914 F.3d 229, 233 (4th Cir. 2019). The Fourth Circuit reached this conclusion "because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 233-34. Thus, according to the Fourth Circuit, "the only way [this Court could] sustain [Petitioner's] conviction is if his commission of Hobbs Act conspiracy constitutes a crime of violence under the residual clause[.]" *Id*. at 234.

Answering this outstanding question, exactly five months after the Fourth Circuit decided *Simms*, the Supreme Court of the United States decided *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held that the residual clause's definition of a "crime of violence" was unconstitutionally vague. 139 S. Ct. at 2236. Thus, as Respondent concedes, Petitioner "pleaded guilty to a § 924(c) charge predicated on conspiracy to commit Hobbs Act robbery, an offense that is no longer a constitutionally valid predicated crime of violence." Dkt. 73, 5.

5

Nevertheless, Respondent, relying on *United States v. Bousley*, maintains that "[b]ecause [Petitioner] did not raise his constitutional attack on his conviction on direct appeal, he procedurally defaulted it." Dkt. 73, 5 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court in *Bousley* made clear that "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'… or that he is actually innocent[.]" 523 U.S. at 622.

Even though Petitioner's plea agreement precluded Petitioner from raising concerns regarding his sentence on direct appeal, Petitioner was not barred from challenging his sentence pursuant to § 2255 on collateral attack, should Petitioner be able to demonstrate cause and actual prejudice. A petitioner may be able to establish cause for default by demonstrating that "a constitutional claim is so novel that its legal basis [wa]s not reasonably available to counsel" at the time of the default. *Reed v. Ross*, 468 U.S. 1, 16 (1984). Where the Supreme Court of the United States "overturn[s] a longstanding and widespread practice to which th[e Supreme] Court has not spoken but which a near-unanimous body of lower court authority has expressly approved," there "will almost certainly have been no reasonable basis upon which an attorney previously could have urged a [lower] court to adopt the position that th[e Supreme] Court has ultimately adopted." *Id*. at 17. (internal quotation and alteration omitted).

Petitioner pleaded guilty on July 9, 2012. Dkt. 27. At that time, the Supreme Court had not yet decided *United States v. Davis*, 139 S. Ct. 2319 (2019), *Johnson v. United States*, 135 S. Ct. 2551 (2015), or *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Not only had the Supreme Court not decided *Davis*, *Johnson*, and *Dimaya*, but the Court had suggested that the Armed Career Criminal Act ("ACCA"), whose residual clause was worded similarly, was constitutionally valid.

*See Skyes v. United States*, 564 U.S. 1, 33 (2011) ("The residual clause . . . states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law." (internal quotation marks omitted)); *James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("We are not persuaded by Justice Scalia's suggestion – which was not pressed by James or his amici – that the residual provision is unconstitutionally vague."). Moreover, the Fourth Circuit and other circuits that had considered the constitutionality of the ACCA's residual clause, upheld the clause. *See e.g. United States v. Hudson*, 673 F.3d 263, 268-69 (4th Cir. 2012); *United States v. Hart*, 674 F.3d 33, 41 n.3 (1st Cir. 2012); *Harrington v. United States*, F.3d 124, 137 & n.9 (2d Cir. 2012); *United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011); *United States v. Jones*, 689 F.3d 696, 704-05 (7th Cir. 2012).

Given that at the time Petitioner pleaded guilty, there was virtually no authority questioning the validity of § 924(c)'s residual clause, and there was unanimous authority upholding the validity of the similarly worded residual clause of the ACCA, the Supreme Court's decisions in *Davis*, *Johnson*, and *Dimaya* were sufficiently novel cause for Petitioner not appealing his conviction pursuant to Section 924(c).

Further, because Petitioner was convicted of conspiracy to commit a Hobbs Act robbery, he is "actual[ly] innoce[nt]" within the meaning of the phrase described by the Supreme Court in *Bousley*. 523 U.S. at 623-24. To be sure, this does not mean that the Petitioner is not responsible for the commission of acts which violate societal norms, for he admitted that he was involved in the violent taking of the property of another. This finding that Petitioner was "actually innocent" simply means that under the salient facts of this case, he is analytically innocent of a Hobbs Act robbery sought to be sustained by a predicate conspiracy theory.

The Supreme Court in *Bousley* provided that "[t]o establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal citations omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. at 624. In instances where "the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id*. The *Bousley* Court indicated that in showing that a petitioner is not "actual[ly] innoce[nt]," the Government may "present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy[.]" *Id*. However, the Supreme Court provided, where "there is no record of evidence that the Government elected not to charge petitioner with" another offence "in exchange for [the petitioner's] plea of guilty[,] . . . [the] petitioner need demonstrate no more than that he did not" commit the crime charged." *Id*.

Thus, this Court, under the Supreme Court's direction set forth in *Bousley*, must consider whether Petitioner is actually innocent of the crimes *charged*, where there is "no record evidence that the [Respondent] elected not to charge [P]etitioner of" some other crime – in this instance, namely Hobbs Act robbery. *Bousely*, 523 U.S. at 624. Thus, as this Court has recently held,

> [b]ased on binding Fourth Circuit precedent . . . notwithstanding whatever admissions [Petitioner] made at his plea colloquy, [Petitioner's] § 924(c) conviction cannot be sustained based on a predicate act other than the predicate act alleged in the [Criminal Information]; and since the only predicate alleged in the [Criminal Information] (Hobbs Act conspiracy) cannot, as a matter of law, sustain [Petitioner's] § 924(c) conviction, [Petitioner], must be deemed actually innocent of that charge . . . .

*United States v. Reed*, Nos. 1:13-cr-00004, 1:16-cv-00657, 2020 WL 972897, at *3 (E.D. Va. Feb. 28, 2020) (finding conviction could not be sustained and Government's reliance on *Bousley* was misplaced where the indictment filed against the petitioner "charged him with a violation of §

8

924(c) based only on a specifically alleged predicate act, Hobbs Act conspiracy, and there is no 'record evidence' indicating that the Government dismissed or decided not to charge other possible predicate acts in exchange for his plea. In fact, [Petitioner] pleaded guilty to the only charges against him; and there is no evidence that in the absence of the Plea Agreement, the Government would have proceeded against [Petitioner] other than as indicted.").

In the instant matter, there is no record that the Respondent has "has foregone more serious charges in the course of plea bargaining." *Bousely*, 523 U.S. at 624.  Thus, Petitioner must only demonstrate that he is "factually innocent" of the crime charged -- "Using or Carrying a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 2 and 924(c)." Dkt. Nos. 28, 29.

Conversely, Respondent contends, "[a]lthough [Petitioner's] conviction was predicated on conspiracy to commit Hobbs Act robbery, [Petitioner] admitted facts sufficient to prove that he actually committed at least one substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951." Dkt. 73, 6.  The record does not support such a conclusion. From the time the Criminal Complaint was filed until Petitioner pleaded guilty, Respondent categorically maintained that Petitioner was guilty of a *conspiracy* to commit Hobbs Act robbery – not Hobbs Act robbery itself.  *See* Dkt. 1 (". . . JAMES CARVAIL ACKER, also known as 'Calvin James Acker,' did knowingly and unlawfully, *conspire, confederate, and agree* to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, in violation of Title 18, United States Code, Section 1951(a)." ) (emphasis added); Dkt. 29 (noting that the Criminal Information filed against Petitioner set forth that Petitioner "did unlawfully and knowingly use and carry a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of

9

the United States, namely a *conspiracy* to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a)") (emphasis added).

It follows then that this Court must reject Respondent's argument on this point.

Yet, Respondent maintains that "[e]ven if the Court determines that *Bousley* does not bar relief, the Court should not reverse defendant's conviction but should merely reduce it to a conviction for the underlying predicate itself." Dkt. 73, 8. Respondent cites to *Rutledge v. United States*, 517 U.S. 292, 306 (1996) and *United States v. Ford*, 750 F.3d 952, 955 (8th Cir. 2014) in support of its position. Dkt. 73, 8-9.

In *Rutledge*, the Supreme Court noted its approval of the practice of "reducing [an] erroneous greater offense to [a] lesser included offense as long as the [petitioner] is not able to demonstrate that 'but for the improper inclusion of the [erroneous] charge, the result of the proceeding would probably have been different.'" 517 U.S. 292, 306 (1996) (citing *Morris v. Mathews*, 475 U.S. 237, 246-47 (1986). In *Ford*, the United States Court of Appeals for the Eighth Circuit recognized a similar concept. 750 F.3d at 956 ("A reviewing court has the authority to direct the entry of judgment on the lesser included offense when it finds that those elements exclusive to the greater . . . offense . . . are not supported by sufficient evidence to sustain the jury's verdict, but that there is sufficient evidence to sustain a finding of guilt on all elements of the lesser offense.").

This Court, in determining whether a petitioner was procedurally barred from pursuing his claim, has considered whether conspiracy to commit [Hobbs Act] robbery is lesser-included offense of a § 924(c) charge. *Williams v. United States*, No. 4:17-cr-61, 2019 WL 3843066 at * 3 (E.D. Va. Aug. 15, 2019). This Court explicitly found that "[c]onspiracy to commit [a Hobbs Act] robbery is not a lesser-included offense of a § 924(c) charge." *Id*.; *see also Ford v. United States*,

10

Nos. 1:16-cr-149 & 1:19-cv-587, 2020 WL 714134, at * 2 (E.D. Va. Feb. 12, 2020) ("18 U.S.C. § 1951 is not a 'lesser included offense' of § 924(c)."); *United States v. Smith*, No. 3:08-CR-283, 2019 WL 4675369 at *6 (E.D. Va. Sept. 25, 2019) ("Finally the Government argues that if the Court concludes that [the petitioner's] § 924(c) convictions [are] invalid, it should reform the conviction to the lesser-included offense' of Hobbs Act robbery and resentence him accordingly. The Court is not convinced that such a practice is authorized or appropriate."); *United States v. Samuels*, No. 3:07-cr-263, 2019 WL 4675367 at *6 (E.D. Va. Sept. 25, 2019) (same); *United States v. Roach*, No. 3:09-cr-418-1, 2019 WL 4655897 at *6 (E.D. Va. Sept. 24, 2019) (same); *United States v. Johnson*, No. 3:09-cr-418, 2019 WL 4739670 at *6 (E.D. Va. Sept. 27, 2019) (same).

Thus, Respondent's reliance on *Rutledge* also fails.

Because of the seriousness of the underlying facts of this case, Respondent's arguments are intriguing if not outright inviting. However, to adopt these analyses would, in this Court's view, fail to be adherent to binding precedent and would cause the continued incarceration of an individual who is "*factually* innocent" of an offence he was convicted of. To this Petitioner's benefit, the balance of the scales of justice always organically tip in the direction of the Constitution. This is the intrinsic beauty of the Constitution and *stare decisis*.

Therefore, because Petitioner's conviction cannot be sustained, this Court is required to vacate Petitioner's conviction.

### III. CONCLUSION

For the foregoing reasons, Petitioner's conviction under 18 U.S.C. § 924(c) must be vacated.

Accordingly, it is hereby ORDERED that the United States' Motion to Dismiss Petitioner's § 2255 Petition (Dkt. Nos. 53, 65) is DENIED; and

IT IS FURTHER ORDERED that Petitioner's § 2255 Motion (Dkt. 50), Supplemental Motion (Dkt. 71), and Petitioner's Second Supplemental Motion (Dkt. 78) are GRANTED.

It is SO ORDERED.

Alexandria, Virginia
May 6, 2020

/s/<br>
Rossie D. Alston, Jr.<br>
United States District Judge